

October 23, 2024

**VIA ECF**
Hon. Jennifer L. Rochon, U.S.D.J
United States District Court
Southern District of New York
500 Pearl Street, Room 1920
New York, New York, NY 10007

      Re:    *Vercillo v. Medsign International Corporation et al*
               *Docket No. 1:23-cv-02007-JLR-JEW*

Dear Judge Rochon:

     As you may recall, this firm is counsel to Mary-Jo Vercillo ("Ms. Vercillo" or "Plaintiff), the plaintiff in the above-captioned action against Defendants Medsign International Corporation ("MedSign"), Tom Conroy, Philip A. Verruto, and Reza Madani ("Defendants," together with Plaintiff, "Parties").

     We write this letter motion seeking the Court's assistance to enforce the Settlement Agreement ("Settlement Agreement," ECF #51, Exhibit 1). Defendants have not paid any of the settlement and are currently in naked violation of a Court Order (ECF #52) which necessitated our office's request for a conference regarding enforcement of the Settlement Agreement, sanctions for failure to follow this Court's Order, along with attorneys' fees, costs and interest (ECF #53). By Order, Your Honor denied the Defendants' request for forty-five additional days to pay the settlement payment that was due on June 25, 2024 and scheduled a conference on August 15, 2024 (ECF #56).

     Further discussions took place between the Parties, culminating in an updated agreement for payment of Fifty-Two Thousand Dollars ($52,000.00) by 11:59 p.m. on September 14, 2024. However, on September 17, 2024, Defendants' counsel returned a draft agreement listing a new payment deadline of September 27, 2024. Defendants failed to make the payment by this revised date as well, demonstrating a pattern of non-compliance with both the original and revised agreements, as well as the Court's directives.

     It is axiomatic that the aforementioned settlement agreement constitutes a contract and must be construed according to the general principles of contract law. Red Ball Interior Demolition Corp. v. Palmadessa, 173 F.3d 481, 484 (2d Cir. 1999); accord, e.g. Lennington v. Kachar, 633 F. App'x 59, 60 (2d Cir. 2016); Wal-Mart Stores, Inc. v. Visa U.S.A., Inc. No 04-3528, 2005 WL 1076552 at *1 (2d Cir. May 6, 2005); Lorely Fin. No. 3 Ltd. v. Wells Fargo Sec., LLC, 12 Civ. 3723, 2017 WL 985875 at *6 (S.D.N.Y. Mar. 10, 2017); Dash v. Bd. Of Educ of City Sch. Dist.

of N.Y. No. 15-CV-2013, --- F. Supp. 3d ----, 2017 WL 838266 at *5 (E.D.N.Y. Mar. 3, 2017) (Weinstein, D.J); Hostcentrich Techs., Inc. v. Republic Thunderboldt, LLC, 04 Civ. 1621, 2005 WL 1377853 at *4 (S.D.N.Y. June 9, 2005) (Peck, M.J.)

"[O]nce reached, a settlement agreement constitutes a contract that is binding and conclusive and the parties are bound to the terms of the contract even if a party has a change of heart between the time of the agreement to the terms of the settlement and the time it is reduced to writing." Macdonald v. Dragone Classic Motor Cars, 95 Civ. 499, 2003 WL 22056626 at *6 (D. Conn. Apr, 29, 2003); accord, e.g. Sher v. Bonocci, No. 13-CV-6168, 2017 WL 64766 at *3 (W.D.N.Y., Jan. 6 2017); McLeod v. Post Graduate Ctr. For Mental Health, 14 Civ. 10041, 2016 WL 6126014 at *3 (S.D.N.Y. Sept. 30, 2016). R. & R. adopted, 2016 WL 6126383 (S.D.N.Y. Oct. 19, 2016).

Moreover, "[a] district court has the power to enforce summarily on motion, a settlement agreement reached in a case that pending before it." BCM Dev., LLC v. Oprandy, 490 F. App'x 409 (2d Cir. 2013); accord, e,g, Goldstein v. Solucorp Indus., Ltd., 11 Civ. 6227, 2017 WL 1078739 at *4 (S.D.N.Y. Feb. 10, 2017) R. & R. adopted, 2017 WL 1067792 (S.D.N.Y. Mar. 21, 2017); Grgirev v. Licul, 15 Civ/ 9805, 2016 WL 6652741 at *3 (S.D.N.Y. Nov 10, 2016).

The specific terms of the Settlement Agreement (ECF #51, Exhibit 1) are straightforward. Defendants were required to pay Plaintiff Forty-Seven Thousand Dollars ($47,000) within 45 days of Court approval (June 3, 2024). (Id. at. pg. 1, para. 1a.). Forty-five days after Court approval on April 19, 2024, which was June 3, 2024, came and went, and Defendants failed to pay Plaintiff. Pursuant to the Settlement Agreement, "if the settlement payment is not timely received by Plaintiff and her counsel, then Plaintiff's counsel will send written notice to Defendants' counsel advising of the overdue payment. Defendants will then have twelve (12) business days to cure the defect. If Defendants do not cure within that time period, Plaintiff can seek judicial relief and enforcement and reasonable attorneys' fees related to such relief." (Id. at pg. 2, para. 2). Plaintiff's counsel provided Defendants with timely written notice of overdue payment on June 7, 2024, per the agreement's cure provision. (See ECF #51, Exhibit 1). The 12-business-day cure period expired on June 25, 2024, without payment from Defendants.

Below please find a chart summarizing the legal fees and costs through September 2024 incurred by Plaintiff in her attempt to enforce the settlement agreement. Upon request, Plaintiff will provide the full attorney invoices under seal.

| July 2024 | $903.38 |
| August 2024 | $997.50 |
| September 2024 | $522.50 |
| **Total** | $2,423.38 |

Accordingly, we respectfully request that this Court issue an Order:

1. Enforcing the Settlement Agreement, including payment of the $47,000 settlement amount;

2. Awarding additional monies to Plaintiff for reasonable legal fees and costs in the amount of $2,423.38, in addition to any further legal fees and costs expended in the collection of the settlement amount,

3. Awarding accrued interest, which as of October 23, 2024, totals approximately $1,645.64, calculated at the statutory 9% annual interest rate over 142 days of non-payment.

4. Imposing sanctions on Defendants for willful disobedience of this Court's Order and failure to comply with their Court-approved contractual obligations.

We thank the Court for its time and consideration of this matter.

Respectfully submitted,

/s/ Robert J. Ontell

Robert J. Ontell

cc: Defendants' Counsel (*via ECF*)

Given the representations made to this Court at the prior conference, the Court is disappointed that this matter is not resolved. Plaintiff shall make its contemplated motions by November 15, 2024.

Dated: October 24, 2024       **SO ORDERED.**

New York, New York

_____
**JENNIFER L. ROCHON**
**United States District Judge**

444 Madison Avenue, Floor 4
New York, NY 10022
(201) 803-3100